JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV 12 1974

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE AIR WEST, INC.           )
SECURITIES LITIGATION          )    DOCKET NO. 177
                               )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH *, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER *, JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

This litigation emanates from the December 1968 acquisition of Air West, Inc. by Summa Corp., a successor to Hughes Tool Co. Plaintiffs in actions filed in the Northern District of California and the District of Nevada purport to represent a similar class of Air West shareholders and allege that the conduct of defendants in connection with the acquisition violated the federal securities laws. Additionally, an individual action containing similar allegations of securities laws violations has been filed in the District of Arizona. Certain defendants have moved to transfer these actions to the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. Only plaintiff Anderson in the California action

---

\*   Judges Murrah and Becker were unable to attend the hearing and, therefore, took no part in either the consideration or decision of this matter.

opposes the motion. We find that these actions involve common questions of fact and that their transfer to the Northern District of California for coordinated or consolidated pretrial proceedings, pursuant to Section 1407, will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Because of the similarities of the factual and class allegations, movants argue that transfer of these actions pursuant to Section 1407 is necessary to avoid duplication of discovery and inconsistent Rule 23 determinations. Plaintiff Anderson, however, opposes transfer on the ground that the three actions contain divergent legal theories of liability and, as a result, involve limited common questions of fact, which are not sufficiently complex to warrant transfer. In addition, plaintiff argues that plaintiffs in the two class actions seek to protect substantially different interests of the Air West shareholders and, therefore, there is no danger of conflicting class determinations absent transfer.

We agree with movants that complex common questions of fact exist, which can be resolved more efficiently and expeditiously by transfer of these actions to a single district for coordinated or consolidated pretrial proceedings. Indeed, when two or more complaints assert comparable allegations against identical defendants based upon similar transactions and events, common factual questions are presumed. See In re Professional Hockey Antitrust Litigation, 369 F. Supp. 1119

(J.P.M.L. 1974); <u>In re Seeburg-Commonwealth United Merger Litigation</u>, 362 F. Supp. 568 (J.P.M.L. 1973). Furthermore, the mere fact that divergent legal theories are asserted arising out of the same substantive claims and allegations presents no bar to a Section 1407 transfer. <u>In re Holiday Magic Securities Litigation</u>, 375 F. Supp. 1400 (J.P.M.L., filed May 13, 1974); <u>In re Westec Corp.</u>, 307 F. Supp. 559 (J.P.M.L. 1969).

Moreover, the appearance of conflicting class representation claims between the California and Nevada actions militates strongly in favor of transfer. <u>In re Equity Funding Corporation of America Securities Litigation</u>, 375 F. Supp. 1378 (J.P.M.L. 1974); <u>In re Telephone Charge Antitrust Litigation</u>, 341 F. Supp. 771 (J.P.M.L. 1972). While plaintiff Anderson seeks to represent a broader class of Air West shareholders than plaintiff Beecher in the Nevada action, the <u>Anderson</u> complaint encompasses the entirety of the alleged transactions and claims found in the <u>Beecher</u> complaint. Transfer will eliminate any possibility of inconsistent determinations of the class action questions involved in this litigation. See <u>In re Plumbing Fixtures Cases</u>, 298 F. Supp. 484, 493 (J.P.M.L. 1968).

The Northern District of California is the most appropriate transferee forum. Discovery in <u>Anderson</u> has progressed steadily in that district and the transferee court is thoroughly familiar with all factual issues raised in this

litigation. In addition, the only opposition to transfer of all actions to that district comes from the plaintiff in that district. Thus, it certainly can be said that transfer there will be for the convenience of the parties and their witnesses.

IT IS THEREFORE ORDERED that all actions listed on the attached Schedule A pending in districts other than the Northern District of California be, and the same hereby are, transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Alfonso J. Zirpoli for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407 with the actions listed on Schedule A and pending in that district.

| | |
|---|---|
| **SCHEDULE A** | **DOCKET NO. 177** |

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Patricia Scott Anderson, et al. v. Air West, Inc., et al. | Civil Action No. C-73-529-AJZ |

### DISTRICT OF NEVADA

| | |
|---|---|
| Dorothy Beecher, et al. v. Howard R. Hughes, et al. | Civil Action No. LV-74-15(RDF) |

### DISTRICT OF ARIZONA

| | |
|---|---|
| Stanley Sipiora v. Howard Hughes, et al. | Civil Action No. 74-107-TYC |